**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION**

LEO HUNT                                        PLAINTIFF

VERSUS                          CIVIL ACTION NO. 5:08cv227-DCB-JMR

WERNER ENTERPRISES, INC.                         DEFENDANT

<u>**ORDER**</u>

This matter comes before the Court on the plaintiff's Motion to Remand [**docket entry no. 3**].  Having considered said Motion in light of applicable law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

On January 16, 2007, the plaintiff Leo Hunt filed his Complaint [docket entry no. 1, Ex. A] against Werner Enterprises, Inc., defendant herein, in the Circuit Court of Adams County, Mississippi.  In the Complaint, Hunt sues to recover for injuries he allegedly sustained when the defendant's agent ran a red light and struck the eighteen-wheel tractor-trailer rig Hunt was driving.  While the plaintiff does not mention a specific amount of damages in his Complaint, he does claim that as a proximate result of the defendant's acts or omissions, he has

> sustained serious and permanent physical, psychological and mental injuries, medical expense, lost wages, and he will incur medical expenses and lost wages in the future, Plaintiff has lost enjoyment of life, experienced pain and suffering, mental anguish and duress and will continue to experience the same into the future, and Plaintiff has permanent and disabling injuries that will cause him to need medical services and

> supplies in the future, and which will
> interfere with the pursuit and maintenance of
> gainful employment and the enjoyment of life.

(Compl. ¶ 13.)

On June 20, 2008, the defendant filed its Notice of Removal [docket entry no. 1] of the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. The defendant predicated the Court's subject matter jurisdiction upon 28 U.S.C. § 1332 by averring that the parties are of completely diverse citizenships and that "it is facially apparent that the amount in controversy in said civil action exceeds the sum and value of $75,000.00, exclusive of interest and costs . . . ." (Not. Remov. ¶ III.)

On June 26, 2008, the plaintiff filed the subject Motion to Remand [docket entry no. 3], wherein he asserts that his recent responses to the defendant's Request for Admissions indicates that the amount in controversy does not exceed $75,000.00 and the defendant has otherwise failed to demonstrate a jurisdictionally-sufficient sum in controversy. (Mot. Remand ¶ 2.) On July 18, 2008, the parties submitted a joint Stipulation [docket entry no. 5] in which the defendant confesses the Motion to Remand and the plaintiff agrees that his damages will be capped at $75,000.00 if his claims are adjudicated in the Circuit Court of Adams County, Mississippi, upon remand and that the action will be removable if he attempts to recover a larger sum.

A district court's removal jurisdiction over an action is

2

judged by looking to the claims in the state court complaint at the time of removal. Manguno v. Prudential Prop. & Cas. Co, 276 F.3d 720, 723 (5th Cir. 2002). "[O]nce the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). Moreover, while post-removal events may assist a Court in determining the amount in controversy on the date of removal, such events may be "considered only if the basis for jurisdiction is ambiguous at the time of removal." Id. "Additionally, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." Id.

    In this case, the Court is of the opinion that at the time of removal it was not facially apparent that the amount in controversy exceeded $75,000.00. The Complaint is replete with generic, boilerplate descriptions of the plaintiff's damages and is therefore ambiguous as to the sum at stake.

    The Court's basis for its jurisdiction being uncertain, it may consider post-removal events which bear upon the amount in controversy on the date of removal. The plaintiff's post-removal response to the defendant's Request for Admissions and the joint

Stipulation indicate that the amount in controversy at the time of removal did not satisfy the requisite jurisdictional amount. Accordingly, the Court finds that it lacks jurisdiction over the subject matter of the action case and the case must now be remanded to the Circuit Court of Adams County, Mississippi, pursuant to 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Remand [**docket entry no. 3**] is **GRANTED**.

**SO ORDERED**, this the 23rd day of July 2008.


  s/ David Bramlette
**UNITED STATES DISTRICT JUDGE**